NO. 23-1344

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**LESLIE ATKINSON,**

*Plaintiff – Appellee,*

v.

**BRENT GODFREY, In his individual capacity as a law enforcement officer with the Harnett County Sheriff's Office; WAYNE COATS, In his official capacity as Sheriff of Harnett County, North Carolina,**

*Defendants – Appellants,*

and

**JOHN DOE, as Surety,**

*Defendant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

_____

**REPLY BRIEF OF APPELLANTS**

_____

Brian F. Castro
**WOMBLE BOND DICKINSON (US) LLP**
555 Fayetteville Street, Suite 1100
Raleigh, NC  27601
(919) 755-8135

*Counsel for Appellants*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... II

REPLY ARGUMENTS ............................................................................................ 1

    I.   DEFENDANTS UNDISPUTEDLY ARGUED THAT PLAINTIFF WAS NOT DEPRIVED OF A CONSTITUTIONAL RIGHT AT THE DISTRICT COURT LEVEL. . 1

    II.   NEITHER APPELLEE NOR THE DISTRICT COURT CAN POINT TO <u>ANY</u> "CLEARLY ESTABLISHED" VIOLATION OF LAW REGARDING GODFREY'S RESPONSE TO THE BREACH OF THE PEACE AT ISSUE. ................................... 2

    III.  SHERIFF COATS' APPEAL IS INEXTRICABLY INTERTWINED WITH GODFREY'S APPEAL—BOTH DEFENDANTS SHOULD HAVE BEEN DISMISSED BY THE DISTRICT COURT. ............................................................................... 8

CONCLUSION ....................................................................................... 10

CERTIFICATE OF COMPLIANCE ......................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Abbott v. Latshaw*, 164 F.3d 141 (3d Cir. 1998) .......................................... 6

*Altman v. City of High Point*, 330 F.3d 194 (4th Cir. 2003) ................. 9, 10

*Anderson v. Caldwell Cty*, 524 F. App'x 854 (4th Cir. 2013) .................. 8, 9

*Anderson v. Creighton*, 483 U.S. 635 (1987) ................................................ 4

*Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011) .................................................. 4

*Barrett v. Harwood,* 189 F.3d 297 (2d Cir. 1999) ......................................... 5

*City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765 (2015) .......................................................................................................... 3

*City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ...................................... 9

*City of Tahleqah, Oklahoma v. Bond*, 595 U.S. ___, 2021 WL 4822664 (2021) ..................................................................................................... 5, 8

*Cofield v. Randolph County Comm'n,* 90 F.3d 468 (11th Cir. 1996) .......... 6

*Doe v. Broderick*, 225 F.3d 440 (4th Cir. 2000) ........................................... 4

*Fuentes v. Shevin*, 407 U.S. 67 (1972) ...................................................... 2, 7

*Giancola v. State of W. Va. Dep't of Pub. Safety*, 830 F.2d 547 (4th Cir. 1987) ......................................................................................................... 9

*Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980) ............................................ 2

*Harris v. City of Roseburg,* 664 F.2d 1121 (9th Cir. 1981) ......................... 6

*Hill v. Crum*, 727 F.3d 312 (4th Cir. 2013) .................................................. 4

*Howerton v. Gabica*, 708 F.2d 380 (9th Cir. 1983) ..................................... 6

*Jones v. Gutschenritter,* 909 F.2d 1208 (8th Cir. 1990) .............................. 6

*Kisela v. Hughes*, 138 S.Ct. 1148 (2018) ..........................................3, 4, 7, 8

*Maciariello v. Sumner*, 973 F.2d 295 (4th Cir. 1992) ............................... 4

*Marcus v. McCollum,* 394 F.3d 813 (10th Cir. 2004) ................................. 5

*Meyers v. Baltimore County, Md.*, 713 F.3d 723 (4th Cir. 2013) ................ 4

*Mullenix v. Luna,* 136 S. Ct. 305 (2015) ............................................... 3, 4, 8

*Poteet v. Sullivan*, 218 S.W.3d 780 (Tex. App. 2007) ................................. 5

*Rivas-Villegas v. Cortesluna*, 595 U.S. ___, 2021 WL 4822662 (2021)... 5, 8

*Saucier v. Katz*, 533 U.S. 194 (2001) ....................................................... 3, 8

*Slattery v. Rizzo*, 939 F.2d 213 (4th Cir. 1991) .......................................... 4

*Soldal v. Cook Cnty.*, 506 U.S. 56 (1992) ............................................ 2, 6, 7

*Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167 (4th Cir. 1988) ......... 2

*Wilson v. Layne*, 141 F.3d 111 (4th Cir. 1998) .......................................... 4

**Statutes**

42 U.S.C. § 1983 ............................................................................................ 1

## REPLY ARGUMENTS

### I. Defendants Undisputedly Argued that Plaintiff Was Not Deprived of a Constitutional Right at the District Court Level.

Plaintiff-Appellant ("Plaintiff") contends that Defendants-Appellees ("Defendants") did not argue that Plaintiff was not deprived of a federal right at the District Court level. (*See* Plaintiff's Response Brief at 11-13.) Plaintiff is wrong. In the underlying Brief and Reply in Support of Defendants' Motion to Dismiss, Defendants specifically argued that no underlying constitutional violation occurred. For example, in arguing for the dismissal of Sheriff Coats, Defendants argued that "Plaintiff's Claims Against Sheriff Coats Fail Because There is No Underlying Constitutional Violation," stating, "To succeed on any Section 1983 claim or negligence claim asserted against an entity or government, Plaintiffs must plausibly allege some underlying unconstitutional or wrongful conduct…. Plaintiff has not satisfied the prerequisites for establishing a constitutional violation under 42 U.S.C. § 1983, and Defendant Godfrey is entitled to qualified immunity." (District Court Dkt. 19 at 15-16).

Importantly, absent "state action" or the "color of law" requirement, there is no possible scenario where a constitutional right would have been

1

violated under the facts alleged in the Complaint, as the actions at issue would be (and they were in this case) completely private. *See Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (noting that whether there was a "deprivation … is irrelevant" absent state action, "for the constitutional right to due process is simply not implicated"); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980). Put simply, there can be no constitutional deprivation if the constitution is not implicated. Thus, Defendants' argument regarding lack of a constitutional deprivation was both explicit and inextricably connected to their "state action" arguments, and Plaintiff will have to counter Defendants' arguments as to this issue on the merits.

## II. Neither Appellee Nor the District Court Can Point to <u>Any</u> "Clearly Established" Violation of Law Regarding Godfrey's Response to the Breach of the Peace at Issue.

Like the District Court, Plaintiff has failed to cite any binding case law within this jurisdiction that would place Deputy Godfrey on clear notice that his mere arrival at the scene of the chaotic repossession was state action or a violation of a constitutional right. Rather than attempting to locate such a case, Plaintiff and the District Court relied on cases regarding replevin statutes and a mobile homes eviction. *See*

Plaintiff's Brief (citing *Fuentes v. Shevin*, 407 U.S. 67, 92 (1972) and *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992)). Plaintiff then string-cites non-binding cases and a legal blog on self-help repossession. *Id.* at 26-28. Those citations fall well short of demonstrating a "clearly established" violation. Allowing this case to proceed against Godfrey would disregard the qualified immunity mandate established United States Supreme Court.

In order for an officer like Deputy Godfrey to lose the protection of qualified immunity, existing precedent at the time of the occurrence must show that it was "beyond debate" that the officer's specific actions violated the Constitution. *Mullenix v. Luna*, 136 S. Ct. 305, 308-09, 312 (2015) (per curiam) (emphasis added); *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (per curiam); *City and County of San Francisco, Calif. v. Sheehan*, 135 S.Ct. 1765, 1774 (2015). The inquiry into whether the right was clearly established must "be undertaken in light of the specific context of the case" and "not as a broad general proposition ...." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

"Because the focus [of qualified immunity] is on whether the officer had fair notice that [his] conduct was unlawful, reasonableness is judged

3

against the backdrop of the law at the time of the conduct." *Kisela*, 138 S.Ct. at 1152; *see also, e.g., Meyers v. Baltimore County, Md.*, 713 F.3d 723, 731 (4th Cir. 2013). Officers are entitled to qualified immunity "if a reasonable officer possessing the same information <u>could have believed</u> that his conduct was lawful." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (emphasis added). The "safe harbor" of qualified immunity "ensures that officers will not be liable for bad guesses in gray areas but only for transgressing bright lines." *Doe v. Broderick*, 225 F.3d 440, 453 (4th Cir. 2000) (quotations omitted); *see also Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998) (en banc); *Hill v. Crum*, 727 F.3d 312, 321-22 (4th Cir. 2013); *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993).

Thus, an officer will be entitled to qualified immunity unless "every reasonable official would have understood that what he [was] doing" violated the Constitution. *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011). An inquiry under the qualified immunity analysis must be fact-specific. *Anderson v. Creighton*, 483 U.S. 635, 640-41 (1987). In cases such as the instant case, "in which the result depends very much" on the specific facts alleged, Godfrey is entitled to qualified immunity "unless

4

existing precedent 'squarely governs' the specific facts at issue." *Kisela*, 138 S.Ct. at 1153 (quoting *Mullenix*, 136 S.Ct. at 309). The United States Supreme Court has emphasized the continued vitality of the qualified immunity doctrine in the recent cases of *City of Tahleqah, Oklahoma v. Bond*, 595 U.S. \_\_\_, 2021 WL 4822664 (2021) and *Rivas-Villegas v. Cortesluna*, 595 U.S. \_\_\_, 2021 WL 4822662 (2021).

Here, the cases which Plaintiff and the District Court rely upon do not come close to the standard enunciated by the Supreme Court. The cases Plaintiff cites from surrounding jurisdictions are also either unavailing, or they demonstrate that Defendant Godfrey did not violate Plaintiff's rights. *See, e.g., Poteet v. Sullivan*, 218 S.W.3d 780, 788-89 (Tex. App. 2007) (regarding an officer being placed on "civil standby" and standing on property as the alleged deprivation occurred and conducting a "sweep" of the premises); *Marcus v. McCollum,* 394 F.3d 813, 818 (10th Cir. 2004) (officer physically poked plaintiff "several times in the chest with sufficient force to knock [him] backwards" and threatened that they would be "going to jail" during incident); *Barrett v. Harwood,* 189 F.3d 297, 302 (2d Cir. 1999), *cert. denied,* 530 U.S. 1262 (2000) (finding lack of state action when, after physical exchange between the repossessor and

5

plaintiff, officer made statements which plaintiff "understood … to mean the officer would arrest him if he took any further measures to resist repossession of his truck"); *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir. 1998) (not involving a repossession by a creditor but a dispute between divorced couple over possession of a van); *Cofield v. Randolph County Comm'n,* 90 F.3d 468, 471 (11th Cir. 1996) (granting qualified immunity for officer when, as here, defendant arrived post-attempt to repossess and "[defendant] could not have known the taking of the Blazer was wrongful"); *Jones v. Gutschenritter,* 909 F.2d 1208, 1211–12 (8th Cir. 1990) (state action issue could go to a jury where the officer entered the premises at behest of landlord prior to repossession, accompanied landlord prior to eviction and "stood guard" for the entirety of the repossession); *Howerton v. Gabica*, 708 F.2d 380, 384 (9th Cir. 1983) (finding state action where defendant officer was present and active during multi-day eviction, "[repossessor] repeatedly requested aid by the police to effect the eviction, and the police intervened at every step"); *Harris v. City of Roseburg,* 664 F.2d 1121, 1127 (9th Cir. 1981) (officer entered property with repossessor prior to dispute to aid repossessor and intervened when plaintiff protested).

6

In *Soldal*, which involved an eviction from a mobile home park, the deputies were "notified" and well aware of the eviction before it occurred, arrived at the scene before the eviction began, the private actors "arrived at the [plaintiffs'] home accompanied by" the deputy, and the deputy stayed at the scene to insure that the plaintiffs did "not intervene" at all with the eviction. *Soldal*, 506 U.S. at 58 (cited in Order at 14-14, JA 53–54). The *Fuentes* case did not deal with any on-the-ground repossession or action by law enforcement; instead, the Supreme Court addressed the constitutionality of "Florida and Pennsylvania laws authorizing the summary seizure of goods or chattels in a person's possession under a writ of replevin." *Fuentes*, 407 U.S. at 69 (cited in Order at 13-14, JA 53–54). There is no reasonable reading of those cases in which they "squarely govern the specific facts" alleged in Plaintiff's Complaint. *Kisela*, 138 S.Ct. at 1153. In fact, the lower District Courts in the Fourth Circuit have no guidance on this issue that would inform officers on how to act in such a situation. *See Morozov v. Howard Cty.*, No. MJG-10-1515, 2013 WL 2338779, 2013 U.S. Dist. LEXIS 74603, at *10 (D. Md. May 28, 2013) (noting that "the Fourth Circuit has not had the occasion to examine the

7

state action issue in the context of police involvement with a private repossession.").

Allowing such generalized cases to overcome qualified immunity here would contravene the well-established principles enunciated in *Mullenix*, *Saucier*, *Kisela*, and other precedent of the Supreme Court and Fourth Circuit. The Supreme Court has shown that it has not abandoned this qualified immunity requirement, and this Court should not abandon it either. *City of Tahleqah, Oklahoma v. Bond*, 595 U.S. ___, 2021 WL 4822664 (2021); *Rivas-Villegas v. Cortesluna*, 595 U.S. ___, 2021 WL 4822662 (2021). Thus, even if the Court finds that there was state action here, Defendant Godfrey nonetheless is entitled to qualified immunity because there are no analogous, binding cases from the Fourth Circuit or the Supreme Court on the issue at hand.

### III. Sheriff Coats' Appeal is Inextricably Intertwined with Godfrey's Appeal—Both Defendants Should Have Been Dismissed by the District Court.

In arguing that Sheriff Coats is not entitled to join Deputy Godfrey's appeal, Plaintiff flatly contradicts Fourth Circuit precedent. When a Deputy Sheriff raises qualified immunity issues on appeal, the Office of Sheriff is unquestionably allowed to join the appeal. Here, if

8

Defendant Godfrey is dismissed on appeal—as he should be—Defendant Sheriff Coats must also be dismissed from this action. In *Anderson v. Caldwell Cty.*, the Fourth Circuit explained that there can be no official capacity claim against a sheriff when the individual defendant is entitled to qualified immunity. 524 F. App'x 854, 862 n.5 (4th Cir. 2013). Specifically, this Court stated: "Because no Fourth Amendment violation occurred, the sheriff and the CCSO may not be held liable for failure to train or supervise the Caldwell County deputies. No actionable claim against supervisors or local governments can exist without a constitutional violation committed by an employee." *Anderson*, 524 F. App'x at 862 (emphasis added) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Giancola v. State of W. Va. Dep't of Pub. Safety*, 830 F.2d 547, 550 (4th Cir. 1987)).

This Court came to the same conclusion in *Altman v. City of High Point*, stating: "[O]ur resolution of the claims against Officers Moxley and Perdue fully resolves the claims against High Point as well, since a municipality cannot be liable in the absence of a constitutional violation by one of its agents. 330 F.3d 194, 207 n.10 (4th Cir. 2003). Consequently, the claims asserted against Sheriff Coats are "inextricably intertwined"

9

with those against Godfrey as a matter of established law. *See Anderson*, 524 F. App'x at 862 n.5 ("[B]ecause the [Caldwell County Sheriff's Office's] liability is inextricably intertwined with the deputies' liability, the Court will assume pendent jurisdiction over the CCSO's appeal."); *Altman*, 330 F.3d 194, 207 n.10 (reversing denial of summary judgment, stating "the issues raised by High Point on appeal are inextricably intertwined with those raised by the officers"). Since Deputy Godfrey did not violate any clearly established rights, Sheriff Coats is entitled to dismissal as well.

## CONCLUSION

The District Court erred when it did not afford Deputy Godfrey qualified immunity regarding the alleged chaotic repossession, which is a factual scenario which is not factually or circumstantially equivalent to <u>any</u> binding District Court, Fourth Circuit, or United States Supreme Court case. The District Court's reliance on general propositions regarding unconstitutional seizures should be reversed, as it directly contravenes the purpose of qualified immunity, which only allows for liability when a defendant violates a "clearly established right" that has been placed "beyond debate" by binding precedent. Thus, even if this

10

Court finds that the simple act of ordering the Plaintiff out of her vehicle constituted state action—which it should not—the Court should still reverse the District Court's decision, dismiss Deputy Godfrey from this action. Additionally, since Deputy Godfrey is entitled to qualified immunity and dismissal, Sheriff Coats must also be dismissed on appeal.

Respectfully submitted, this 3rd day of August, 2023.

/s/ *Brian F. Castro*
Brian F. Castro
N.C. State Bar No. 53412
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8135
Facsimile: (919) 755-6163
Brian.Castro@wbd-us.com

*Counsel for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

1. This document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    this document contains 2102 words.

2. This document complies with the typeface requirements because:

    This document has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Century Schoolbook.

Respectfully submitted, this 3rd day of August, 2023.

/s/ Brian F. Castro
Brian F. Castro
N.C. State Bar No. 53412
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Telephone: (919) 755-8135
Facsimile: (919) 755-6163
Brian.Castro@wbd-us.com

*Counsel for Defendants-Appellants*